OPINION OF THE COURT
William J. Giacomo, J.
Factual and Procedural Background
Plaintiff commenced this mortgage foreclosure action on December 18, 2012. Defendant answered although it is not clear if it was served in February 2013 or February 2014.
Plaintiff now moves for summary judgment and an order of reference.
Defendant opposes the motion on the ground that plaintiff has not satisfied a condition precedent to commencing a loan foreclosure action. Specifically he claims that the notice requirement embodied in Real Property Actions and Proceedings Law § 1304 has not been complied with. Defendant also argues that plaintiff lacks standing to bring this action.
Discussion
A party seeking summary judgment bears the initial burden of affirmatively demonstrating its entitlement to summary judgment as a matter of law. (See Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Alvarez v Prospect Hosp., 68 NY2d 320 [1986].) “Once this showing has been made . . . the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action” (Alvarez, 68 NY2d at 324; see Zuckerman v City of New York, 49 NY2d 557 [1980]).
Here, plaintiff has not established prima facie entitlement to summary judgment and an order of reference since it has not established as a matter of law that the notice required by section 1304 has been sent. Pursuant to the provisions of RPAPL 1304, 90 days prior to the institution of a foreclosure action, a notice containing statutorily mandated content must be sent to the borrower.
In Aurora Loan Servs., LLC v Weisblum (85 AD3d 95 [2d Dept 2011]) the Appellate Division, Second Department held that mailing such notice was a mandatory condition precedent to commencing a foreclosure action which must be alleged by plaintiff in its complaint and proved by the plaintiff to meet its prima facie burden of proof on a summary judgment motion. In Aurora, the Appellate Division found that plaintiff failed to meet its prima facie burden in several respects. Among those *315 was the failure of plaintiff to produce an affidavit of service to establish that the section 1304 notice was served on the borrowers by both registered or certified mail and first-class mail at their last known address. In so ruling, the Court held that the failure to comply with RPAPL 1304 may not be disregarded even if no prejudice to the borrower is shown (see Aurora, 85 AD3d at 107).
In this case, to support its motion for summary judgment, plaintiff alleges that a RPAPL 1304 notice was mailed to the borrowers pursuant to the statute in a timely fashion. In proof of this, plaintiff submits an affidavit from Andre Dickson on behalf of Nationstar Mortgage Servicing, LLC, servicer and attorney-in-fact for the plaintiff. Mr. Dickson is a document execution specialist. In his affidavit Mr. Dickson attests that he has reviewed the business records and other documents of Nationstar relating to the loan in question and attests that they are created and maintained in the regular course of business as loan servicer. Mr. Dickson goes on to attest that he reviewed the business records of Bank of America, N.A., a prior servicer of the mortgage loan at the time this foreclosure action was commenced, and attests that the prior servicer caused to be mailed the appropriate notice under RPAPL 1304 by certified and first-class mail and details the date of the letter, the date it was mailed by the prior servicer and notes the certified mailing number. Mr. Dickson does not, however, attest that he has personal knowledge that the notices were mailed nor that he was the individual actually mailing the notices.
Defendant argues that such an affidavit does not suffice under the statute to satisfy section 1304 notice. Defendant claims that an affidavit must be submitted from someone with personal knowledge that the notice was mailed. He claims that the Dickson affidavit is not proof that the notices were mailed and properly served on the defendant. Defendant argues that without a sworn statement from the person who actually mailed both the certified mailing and first-class mailing plaintiff clearly fails to satisfy the provisions of section 1304 and therefore the condition precedent has not been satisfied.
In support of his argument, defendant cites several decisions from other courts in this Judicial District which have ruled that a failure to supply an affidavit of service from someone with personal knowledge that the section 1304 notices were sent was not sufficient as a matter of law to establish a prima facie entitlement to summary judgment (see Deutsche Bank *316 Natl. Trust Co. v Tassone, 44 Misc 3d 1228[A], 2014 NY Slip Op 51372[U] [Sup Ct, Putnam County 2014]; Trustco Realty Corp. v Hayes, 2014 NY Slip Op 33684[U] [Sup Ct, Westchester County 2014, index No. 64939/2013]; Trustco Realty Corp. v Haynes, Sup Ct, Westchester County, index No. 12154/2011; Wells Fargo Bank, N.A. v Belknap, 2015 NY Slip Op 32208[U] [Sup Ct, Westchester County 2015, index No. 68609/2012]). These courts have denied lenders’ motions for summary judgment finding a question of fact as to whether the mailing was made.
This court has reviewed these decisions as well as the provisions of the statute together with the appellate decision in Aurora and agrees that for plaintiff to meet its burden of proof on a summary judgment motion for foreclosure it must produce an affidavit from a person with knowledge that the required notices under RPAPL 1304 have been mailed. It is not sufficient to produce an affidavit from the servicer or the lender as to the usual procedures undertaken with respect to mailing the notice even if a copy of a notice is produced as part of the servicer’s file. This court finds that the statute requires such notice be sent to the borrower and proof of mailing cannot be established by reference to the usual procedures undertaken by a lender or servicer.
Accordingly, plaintiff has failed to establish entitlement to summary judgment as a matter of law and its motion is denied.